IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Alexis Carberry, ) | Case No. 0:23-cv-04838-JDA |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| Lancaster County Sheriff Office ) | |
| *Individually and represented by Barry* ) | |
| *Faile*; Lancaster County Magistrate ) | |
| Court *represented by Chief Judge* ) | |
| *Curthisa Ingram*; SCDMV *through* ) | |
| *Kevin Shwedo*; SCDSS *through* ) | |
| *Michael Leach*, ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court on a motion to dismiss filed by Defendants Lancaster County Sheriff Office, individually and represented by Barry Faile, and Lancaster County Magistrate Court, represented by Chief Judge Curthisa Ingram (the "Lancaster County Defendants") [Doc. 29], and two Reports and Recommendations ("Reports") by the Magistrate Judge [Docs. 36; 46]. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings.

## BACKGROUND

**Report Recommending Dismissal of the Lancaster County Defendants**

On November 29, 2023, the Lancaster County Defendants filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim. [Doc. 29.] Because Plaintiff is proceeding pro se, the Court issued an Order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the

summary judgment/dismissal procedure and the possible consequences if she failed to respond adequately.  [Doc. 30.]  Despite the explanation of the summary judgment/ dismissal procedure and the possible consequences for failing to respond, Plaintiff did not respond.

On January 12, 2024, the Court ordered Plaintiff to advise the Court by January 26, 2024, whether she opposed Defendant's motion and whether she wished to continue with the case against the Lancaster County Defendants.  [Doc. 34.]  Plaintiff was further advised that if she failed to respond, the undersigned would recommend that the Lancaster County Defendants be dismissed for failure to prosecute.  [*Id*.]  Again, Plaintiff filed no response.

On February 5, 2024, the Magistrate Judge issued a Report recommending that the Lancaster County Defendants be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  [Doc. 36.]  The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if she failed to do.  [*Id*. at 3.]  Plaintiff filed objections on February 15, 2024, and the Lancaster County Defendants filed a reply on February 28, 2024.  [Docs. 38; 43.]

**Report Recommending Dismissal of the State Defendants**

On February 28, 2024, the Magistrate Judge issued an order to show cause, placing Plaintiff on notice that unless she filed proof of service as to Defendants South Carolina Department of Motor Vehicles ("SCDMV") and South Carolina Department of Social Services ("SCDSS") (the "State Defendants") or showed good cause to the Court by March 27, 2024, for her failure to effect service of the summons and complaint on these defendants, her action would be recommended for dismissal without prejudice as

to the State Defendants.  [Doc. 41].  On April 1, 2024, Plaintiff filed a response to the show-cause order and argued that she was proceeding in forma pauperis ("IFP") and was entitled for service to be made on her behalf by a United States marshal under Rule 4(c)(3) of the Federal Rules of Civil Procedure[1] [Doc. 45], despite the Magistrate Judge having previously informed her in the show-cause order that she is not proceeding IFP and is not entitled to service by a United States marshal or deputy marshal [Doc. 41 at 2].

On April 2, 2024, the Magistrate Judge issued a Report recommending that the State Defendants be dismissed without prejudice, concluding that Plaintiff's response to the Court's show-cause order was inadequate.  [Doc. 46.]  The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if she failed to do so.  [*Id*. at 7.]  Plaintiff filed objections to the Report on April 12, 2024.[2]  [Doc. 48.]

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of only those portions of the

---

[1] Rule 4(c)(3) of the Federal Rules of Civil Procedure provides that "[a]t the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court.  The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 or as a seaman under 28 U.S.C. § 1916."  Fed. R. Civ. P. 4(c)(3).

[2] Plaintiff filed duplicate objections on April 22, 2024.  [Doc. 49.]  Additionally, the Lancaster County Defendants filed a reply to Plaintiff's April 12, 2024, objections because these objections also addressed the Court's earlier Report recommending that the Lancaster County Defendants be dismissed for failure to prosecute.  [Doc. 50.]

3

Report that have been specifically objected to, and the Court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (internal quotation marks omitted)).

## **DISCUSSION**

As stated, the Magistrate Judge recommends that the Lancaster County Defendants be dismissed for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure [Doc. 36], and that the State Defendants be dismissed for failure to file proof of service or show good cause for failure to effect service on these defendants [Doc. 46].

Plaintiff filed nearly identical objections to both Reports. [*See* Docs. 38; 48.] In her objections, Plaintiff generally objects to the Reports and opposes dismissal of both the Lancaster County Defendants and State Defendants, arguing that she is proceeding IFP and is entitled to service by a United States marshal or someone specially appointed, and requesting that the Court appoint a United States marshal to perform service.[3] [Docs. 38 at 1–2; 48 at 1–2.] Plaintiff also points to the Court to two docket entries [Docs. 16; 28], which she claims are her "Roseboro response" and response to the Lancaster County Defendants' motion to dismiss, respectively. [Docs. 38 at 1; 48 at 1.] Finally, Plaintiff

---

[3] In her objections to the second Report [Doc. 46], Plaintiff also appears to request that the Court now grant IFP status. [Doc. 48 at 2.] However, Plaintiff has not moved for leave to proceed IFP in this case and does not adequately do so in her objections.

4

states that she attempted to contact Defendants regarding waiver of service, but Defendants did not agree to waive service.[4]  [Docs. 38 at 2; 48 at 2.]

The Court concludes that Plaintiff's objections, liberally construed, fail to address the Reports' findings and recommendations.  As an initial matter, although Plaintiff points the Court to two docket entries that she seemingly argues are her responses to the Lancaster County Defendants' motion to dismiss and/or the Court's *Roseboro* Order, both documents were filed before the Lancaster County Defendants' motion to dismiss, which was filed on November 29, 2023, and are unrelated to the pending motion to dismiss.  [*See* Docs. 16; 28.]  Because Plaintiff has provided no further explanation regarding her failure to respond to the motion to dismiss or the Court's January 12, 2024, Order, she has failed to address the substantive findings of the Report recommending dismissal of the Lancaster County Defendants for failure to prosecute.

Additionally, the Report recommending dismissal of the State Defendants concludes that (1) Plaintiff has failed to effectuate service on the State Defendants, and (2) Plaintiff's response to the Court's show-cause order was inadequate because Plaintiff is not proceeding IFP and is not entitled to service by a United States marshal or deputy marshal under Rule 4(c)(3).  [Doc. 46 at 6.]  Other than reiterating her argument that she

---

[4] In her objections to the first Report, Plaintiff states that she was currently in the process of contacting Defendants regarding a waiver of service [Doc. 38 at 2], and in her objections to the second Report, she references her objections to the first Report and states that she has now attempted to contact Defendants via email regarding a waiver of service but has not received a response [Doc. 48 at 2].  However, as the Magistrate Judge noted, Plaintiff has already been informed by the Court that "it does not appear that waiver of service is appropriate, as [the State Defendants] are not subject to service under Fed. R. Civ. P. 4(e), (f), or (h).  As state agencies, they must be served in accordance with Fed. R. Civ. P. 4(j)(2)."  [Doc. 41 at 5.]

is, in fact, proceeding IFP and is entitled to service by a US marshal [Doc. 48], Plaintiff has failed to address any of the substantive findings in the Report recommending dismissal of the State Defendants.

## CONCLUSION

Out of an abundance of caution for a pro se party, the Court has conducted a de novo review of the Report, the record, and the applicable law. Upon such review, the Court accepts the Reports and Recommendations of the Magistrate Judge and incorporates them by reference. Accordingly, the Lancaster County Defendants are DISMISSED with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure; their motion to dismiss [Doc. 29] is FOUND AS MOOT; and the State Defendants are DISMISSED without prejudice pursuant to Rule 4(m).

IT IS SO ORDERED.

s/ Jacquelyn D. Austin
United States District Judge

August 8, 2024
Columbia, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.